# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11611
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
September 10, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

        Plaintiff-Appellee

v.

MAURICIO AGUIRRE, also known as Mauricio Aguirre-Orcutt, also known as Peter Holston-Aguirre, also known as Peter Holston, also known as Miller Aguirre,

        Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-454-1

Before DAVIS, SMITH and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

    Appealing the judgment on revocation of supervised release, Mauricio Aguirre argues that the district court violated his Sixth Amendment rights by finding, without a jury trial, that he violated his conditions of supervised release by a preponderance of the evidence. The Government has filed an unopposed motion for summary affirmance, requesting alternatively an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extension of time to file its brief. Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *United States v. Hinson*, 429 F.3d 114, 117-19 (5th Cir. 2005), we held that revocation of supervised release is not part of a criminal prosecution and therefore does not require a jury trial or proof beyond a reasonable doubt under the Sixth Amendment. Aguirre concedes that *Hinson* forecloses his argument but, at the time he filed his brief, noted that the Supreme Court had granted certiorari in *United States v. Haymond*, 139 S. Ct. 398 (2018).

In *Haymond*, the Supreme Court held that a revocation of supervised release and imposition of a mandatory minimum sentence pursuant to 18 U.S.C. § 3583(k), based on judge-made findings by a preponderance of the evidence, violated due process and the right to a trial by jury. *United States v. Haymond*, 139 S. Ct. 2369, 2378-83 (2019). Unlike § 3583(k), which mandated a mandatory minimum of five years for certain offenses such as possession of child pornography, Aguirre's revocation under 18 U.S.C. § 3583(e)(3) did not include a mandatory minimum based on judge-found facts. *See* § 3583(k). Further, the *Haymond* plurality emphasized that its decision was limited to § 3583(k) and its mandatory minimum provision. *Haymond*, 139 S. Ct. at 2382-84 & n.7. In light of *Haymond*'s limited holding, Aguirre's sole argument remains foreclosed under *Hinson*. *See id.*; *Hinson*, 429 F.3d at 117-19.

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED. *See Groendyke*, 406 F.2d at 1162.